704 So.2d 440 (1997)
Rosemary Flournoy BRADFORD, Plaintiff-Appellee,
v.
Henry James BRADFORD, Defendant-Appellant.
No. 30128-CA.
Court of Appeal of Louisiana, Second Circuit.
December 23, 1997.
*441 Henry James Bradford, In Proper Person.
Northwest Louisiana Legal Services, Inc. by Mary Ellen Halterman, Shreveport, for Plaintiff-Appellee.
Before NORRIS, CARAWAY and PEATROSS, JJ.
CARAWAY, Judge.
Henry James Bradford appeals a judgment modifying and limiting his visitation rights with his daughter who was a victim of sexual abuse from an unknown source. Under the troubling facts of this case, we agree with the trial court's assessment of the modified visitation rights for the father and affirm.

Facts
Henry and Flournoy Bradford divorced on November 7, 1995. The couple received joint custody of their eleven year old daughter with Mrs. Bradford designated as the domiciliary parent. The court originally awarded Mr. Bradford unsupervised visitation privileges every other weekend. Mr. Bradford appealed the custody award, asserting his daughter had been sexually abused while in Mrs. Bradford's custody. This court, in an unpublished opinion, affirmed the trial court judgment stating:
Finally, we note that the trial court wisely refused to weigh evidence of sexual abuse against either party. There was no evidence presented at trial as to who may have been the perpetrator of any such abuse, nor the circumstances under which such abuse may have occurred.
Two months after this court affirmed the judgment granting joint custody, Mrs. Bradford filed a rule to modify visitation in which she alleged Mr. Bradford had caused substantial harm to his minor daughter and that the child was afraid of him. In her rule to modify visitation, Mrs. Bradford admitted that she had not allowed the previously ordered visitation between Mr. Bradford and his daughter.
At trial, Mr. Bradford, appearing without counsel, vehemently denied the charge that he had sexually molested his daughter. Mr. Bradford and his sister testified that his visitation always took place at the home of his mother in the presence of many extended family members.
Mrs. Bradford testified that when her daughter told her that Mr. Bradford had attempted to undress her, she reported the complaint to Child Protective Services who conducted an investigation. The results of this investigation were admitted into evidence and reviewed by the trial court. An April, 1995 medical exam of the child revealed signs of sexual abuse that could have occurred as recently as two weeks prior to the exam. Also, according to Mrs. Bradford, her daughter's thirteen-year-old friend told Mrs. Bradford that the minor daughter had talked about sexual abuse.
When the child was called to testify she clearly stated that she had been sexually molested; however, she soon began crying and could not continue. The trial court attempted to discuss the matter further with the child in chambers apparently in the presence of two witnesses. After the trial judge returned to the bench, both parties waived their right to further examine the child.
In oral reasons for judgment the trial court stated that although the child had been molested by someone, Mrs. Bradford had not substantiated her allegations against Mr. Bradford at the trial of her motion to modify visitation. Nevertheless, the trial court stated:

*442 The child, for whatever reason, and I don't know what the reason is, but the child, from everything that I've read in the reports, does not want to have unsupervised visitation with her father. Now Mr. Bradford would argue to me this is some type of plot or plan thing that's been put forth by his former wife's family, her and her family. I don't really think so.... I don't know what the reason is. So what I'm concerned about and worried about is that if he did not molest his child, then it's a terrible, horrible thing that he's branded as a perpetrator and he's prohibited from having any kind of meaningful relationship with the child. However, if I'm wrong and he really is, he did molest his child, then it's an even worse thing to let him have unsupervised visitation with the child and this thing occur again.
* * * * * *
Now even if there were not allegations about him being an abuser, she is an eleven year old child that is intelligent and appears to be well-adjusted in every other way and for some reason does not want to go and visit with her father in an unsupervised manner. Even if there are no allegations of wrongdoing, I would be within my discretion to say that, okay, then, if that's the case, then you don't have to go do that. So what I'm going to do is make it clear that the evidence doesn't prove that he's molested the child, but, at the same time, I'm going to order the future visitation supervised.
The court then ruled that Mr. Bradford's visitation rights would be modified to occur every other Saturday for five hours at the home of the child's grandmother, Mrs. Annie Mae Bradford, and under the supervision of the Ms. Betty Shine, Mr. Bradford's sister.

Discussion
A modification of visitation rights is not so substantial as a change in actual physical custody. As such, a showing that the modification is in the best interest of a child is sufficient. Acklin v. Acklin, 29,193 (La. App. 2d Cir. 2/26/97), 690 So.2d 869; Mosely v. Mosely, 499 So.2d 106 (La.App. 1st Cir. 1986).
The court shall consider all relevant factors in determining the best interest of the child. Such factors may include the love, affection and other emotional ties between each party and the child as well as the reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference. La. C.C. art. 134(1), (9) and (10). The 1993 Comments to article 134 provide that the weight to be given each factor is left to the discretion of the trial court.
This record contains many troubling aspects in view of the accepted fact that an act or acts of sexual abuse had occurred. Mrs. Bradford alleges her former spouse sexually abused their minor daughter; however, at trial, Mrs. Bradford could not prove those claims. Apparently, even the victim refused to positively identify her assailant. As the trial court noted, the lack of evidence pinpointing the source of the sexual abuse is extremely disconcerting.
Nevertheless, regardless of this troubling and unresolved issue, the thorough and sensitive analysis of the trial court led it to what we agree to be the proper ruling in this case. Based upon the emotional impact of the trauma the child has experienced, regardless of its undetermined source, her fear of continuing in an unsupervised relationship with her father is a significant consideration that is left in the great discretion of the trial court to weigh. The court's conclusion that Mr. Bradford be allowed an attempt to restore his relationship with his daughter in the presence of other family members was clearly within the court's discretion under the cited provisions of La. C.C. art. 134.

Conclusion
The trial court's modification of Mr. Bradford's visitation privileges with his minor daughter is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.