920 So.2d 974 (2006)
CASH POINT PLANTATION EQUESTRIAN CENTER, INC., Alan Fox and Louise Fox, Plaintiff-Appellants
v.
Terry Clifford SHELTON, Defendant-Appellee.
No. 40,647-CA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 2006.
*975 Shuey Smith, L.L.C., by Richard E. Hiller, Shreveport, for Appellants.
A.L. Blondeau, Jr., Baton Rouge, for Appellee.
Before GASKINS, DREW and MOORE, JJ.
MOORE, J.
The owners of an enclosed estate in Bossier Parish appeal a judgment rejecting their claim for a right of passage along a road privately owned by Terry Shelton. We affirm.

Procedural Background
In 1999, Cash Point Plantation Equestrian Center, Inc. (through its owners, Alan and Louise Fox, collectively "Cash Point") bought a tract of land (called "Cash Point Tract") in Haughton from the FDIC. Cash Point Tract is an enclosed estate; the act of sale specified "lack of access to and from the Property to a public road." However, a curved road called Riverbend Road starts at the eastern boundary of Cash Point Tract and runs eastward to a public road, Bodcau Station Road.[1]
Riverbend Road is not a public road; it is privately owned by the defendant, Terry Shelton. Shelton urged in brief that he once owned much of the property in the *976 area, including the road, but he gradually sold off the adjacent parcels, always retaining the road itself. Consequently, the only estate he owns is Riverbend Road's roadbed and right-of-way.
Cash Point filed this suit for injunctive relief in October 1999, in essence to compel Shelton to allow Cash Point to use Riverbend Road for access to its horse training facility. Cash Point alleged that earlier owners of the tract had dedicated Riverbend Road to public use in 1982; on the strength of this, the district court granted a TRO. Shelton showed, however, that the dedication had been nullified by a sheriff's sale in 1989, and that the parish had never accepted or maintained the road. In March 2000, the district court dissolved the TRO, denied a preliminary injunction, and ordered Cash Point to pay damages of $1,500 for a wrongful injunction. Two weeks later, Cash Point sold the tract to River Point Racing and Equestrian Center, another corporation owned by Fox. This sale was not recorded until February 2004, and River Point was joined as a party plaintiff in January 2005.
Trial of Cash Point's claim for a right of passage on Riverbend Road took place in January 2005. The matter was submitted on stipulations and documents, including the plat reprinted as Exhibit "A," deeds, instruments, aerial photographs, and the deposition of civil engineer James Mohr. At the beginning of the hearing the court stated there was no south access, as Cash Point Tract lies just to the north of Interstate 20, and west access was obviously too long. The court stated the shortest route to a public road would be north to Espanita Drive, but this was not practicable because the civil engineer testified this route would traverse federally-designated wetlands.
The issue, therefore, was access to the east: either along winding Riverbend Road (color-coded red in the trial exhibits), or by an unpaved straight-line route (color-coded light green) from the east boundary of Cash Point Tract to Bodcau Station Road. The court cited stipulation No. 8: "Riverbend Road is not the shortest easterly route from the Cash Point Tract to the Bodcau Road" (emphasis in original).
Cash Point argued, however, that it would be financially prohibitive to pave the green route. Cash Point also showed that it owned another parcel (Tract "3-E") on the west side of Bodcau Station Road, through which Riverbend Road ran; the distance along Riverbend Road from the east boundary of Cash Point Tract to the west boundary of Tract 3-E was shorter than the green route.
Shelton argued that the engineer did not measure the red and green routes, and the record contained no estimate of the cost to pave the green route. Shelton also argued that under Davis v. Culpepper, 34,736 (La. App. 2 Cir. 2/11/01), 794 So.2d 68, writ denied, 2001-2573 (La.12/14/01), 804 So.2d 646, the court had little discretion to select anything but the shortest route to a public road.
The court found that Cash Point Tract was an enclosed estate and entitled to a right of passage to a public road. The court noted that it was the very court that had been reversed in Davis v. Culpepper, supra; thus it felt constrained to select the shortest route, period. According to the stipulation, Riverbend Road is not the shortest. The court rendered judgment that Shelton owes no right of passage to Cash Point Tract.
Cash Point moved for a new trial, urging that it had recently discovered a "revised plat" showing that Bodcau Station Road lies further to the east than depicted in the original plat. Cash Point also argued that the 1989 revocation of the public dedication *977 of Riverbend Road did not affect the portion of the road that traversed Tract 3-E; thus, from the western boundary of Tract 3-E, it was still a public road and closer to Cash Point Tract along the red route than the proposed green route. The district court denied the motion for new trial.
Cash Point has appealed, raising three assignments of error.

Applicable Law
The right to forced passage is established by La. C.C. art. 689:
The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.
The location of the passage is regulated by La. C.C. art. 692:
The owner of the enclosed estate may not demand the right of passage anywhere he chooses. The passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands.
The general rule of Art. 692 is that the estate providing the shortest route to the nearest public road must provide the right of passage. Davis v. Culpepper, supra, and citations therein. As recognized by the legislature in its use of the word "generally," there are situations that allow the right of passage to be imposed on an estate that does not provide the shortest route. Id. In the absence of exceptional circumstances, however, it is only the estate that provides the shortest access to the nearest public road that will be burdened with the servitude. Id.; Vermilion Parish School Bd. v. Broussard, 263 La. 1104, 270 So.2d 523 (1972); Morgan v. Culpepper, 324 So.2d 598 (La.App. 2 Cir.1975), writs denied, 326 So.2d 377, 378 (1976).
An eminent authority on Louisiana predial servitudes, Professor A.N. Yiannopoulos, summarizes the jurisprudence as follows:
In principle, courts will fix the right of way along the shortest route. Courts are not bound to follow the shortest route, but departure from this standard must be supported by weighty considerations.
The court may grant a longer and more circuitous right of way than that desired by the owner of the enclosed estate in order to minimize any damage to the servient estate, for example, in order to avoid traversing walls or other constructions. Further, the court may grant a longer and less direct right of way than one offered by the owner of the servient estate if the shorter and more direct route involves excessive construction costs or is otherwise impracticable.
A.N. Yiannopoulos, Predial Servitudes, 3d ed. 2004 (4 Louisiana Civ. L. Treatise), § 97 (footnotes omitted).
A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. La. C.C. art. 1853; Becht v. Morgan Building & Spas Inc., 2002-2047 (La.4/23/03), 843 So.2d 1109; Lewis v. City of Shreveport, 36,659 (La.App. 2 Cir. 12/11/02), 837 So.2d 44. A stipulation between the parties in a specific case is binding on the court when not in derogation of the law; it is the law of the case. Becht v. Morgan Building & Spas, supra. A judicial confession may be revoked only on the ground of error of law. Art. 1853.

Discussion
By its first assignment of error, Cash Point urges the district court erred *978 in finding that the shortest straight-line distance to the nearest public road was along the green route. In support, it reiterates two factual claims raised in the motion for new trial: (1) the "particular circumstance" is that Cash Point owns Tract 3-E, which is connected to Bodcau Station Road; the distance along Riverbend Road from the east boundary of Cash Point Tract to the west boundary of Tract 3-E is shorter than the green route; thus a right of passage along Riverbend Road is appropriate; (2) the supplemental plat and aerial photograph show that Bodcau Station Road is "much further to the east and thus much further away from where the green route actually was shown connecting to Bodcau Road." Cash Point contends that these facts disprove Stipulation No. 8, so the court should not be bound by it.
Shelton responds that the district court did not indicate which easterly route was the shortest to Bodcau Station Road, only that it was not Riverbend Road. He contends that an enclosed estate seeking a route other than the shortest to the nearest public road bears the burden of proving an exception to Art. 692. Rockholt v. Keaty, 256 La. 629, 237 So.2d 663 (1970); Mitcham v. Birdsong, 573 So.2d 1294 (La. App. 2 Cir.1991). He submits that Cash Point simply failed to meet this burden. He also contends that Cash Point cannot retract its stipulation that Riverbend Road is not the shortest route to Bodcau Station Road. He concludes that the court did not commit manifest error, as a straight line access will always be shorter than the "rambling and curving route" of Riverbend Road.
Stipulation No. 8 stated that Riverbend Road is not the shortest easterly route from Cash Point Tract to Bodcau Station Road. This is a judicial confession, binding on Cash Point, Shelton and the court. La. C.C. art. 1853; Becht v. Morgan Building & Spas Inc., supra. It can be revoked only for error of law. Id. The only evidence as to distance is the report of civil engineer James D. Mohr, dated November 19, 2003, and his deposition taken the same day. He found the "existing paving [Riverbend Road] is not the closest distance to the pavement of Bodcau Road from east line of River Point's [Cash Point's] land." The dimensions which may or may not be apparent in an aerial photograph do not strike us as sufficient to invalidate Mr. Mohr's professional observations or reduce the stipulation to an error of law. On this record, the district court did not err in honoring the stipulation.
The plats and aerial photographs arguably support Cash Point's view that measured from the east boundary of Cash Point Tract to the west boundary of Tract 3-E, Riverbend Road is shorter than the green route. The coincidence that Cash Point also owns Tract 3-E is certainly a factor that would favor granting right of passage over Riverbend Road. However, it is also a unique coincidence in this case that Shelton's estate consists solely of Riverbend Road. Granting a right of passage over the entirety of Riverbend Road is not the "least injurious" to this estate.[2] Moreover, the law clearly contemplates granting passage to the nearest public road, not to the nearest tract owned by the same person. Rockholt v. Keaty, supra. On this record, the coincidence that Riverbend Road to the edge of Tract 3-E might be slightly shorter than the green route is not sufficient to outweigh the general rule of Arts. 689 and 692, and the other facts of *979 the case. We perceive no abuse of the district court's discretion. The first assignment lacks merit.
By its second assignment of error, Cash Point urges the district court erred in finding that Shelton did not owe a right of passage to Cash Point Tract. It contends that "generally," as used in Art. 692, allows some discretion for special circumstances. It also suggests that this court should reconsider its rule in Davis v. Culpepper that only the "shortest straight line distance to the nearest public road" determines the servitude. It contends that earlier cases allowed some discretion. Brown v. Terry, 103 So.2d 541 (La.App. 1 Cir.1958); Littlejohn v. Cox, 15 La. Ann. 67 (1860). Shelton responds that Cash Point failed to prove which estate owes him a right of passage, thus defeating his claim.
This court declines to reconsider its analysis in Davis v. Culpepper, supra. The legal principles remain unchanged and still support our conclusion:
In the absence of exceptional circumstances, it is only the estate that provides the shortest access to the nearest public road that will be burdened with the servitude.
The operative question is whether Cash Point proved circumstances exceptional enough to warrant deviation from the general rule. Although it made some showing, this was not sufficient to justify burdening Shelton's entire estate with a right of passage. This assignment of error lacks merit.
By its final assignment of error, Cash Point urges the district court erred in denying the motion for new trial. It contends that the judgment was clearly contrary to the law and evidence; in support, it reiterates the factual and legal claims advanced in the first two assignments of error. It also cites the supplemental plat attached to its motion for new trial as proof that Riverbend Road is the shortest route.
Shelton responds that these contentions are identical to those made by Cash Point in the first two assignments of error and did not warrant the grant of a new trial. He also urges that insofar as Cash Point's motion was based on newly discovered evidence, this evidence could have been obtained prior to trial with due diligence, La. C.C.P. art.1972(2), and at any rate the supplemental plat was not properly verified as required by La. C.C.P. art.1975.
A new trial shall be granted, upon contradictory motion of any party, when the verdict or judgment appears clearly contrary to the law and the evidence. La. C.C.P. art.1972(1). Although the granting or denying of a motion for new trial rests within the trial court's wide discretion, the court cannot set aside a judgment "if it is supportable by any fair interpretation of the evidence." Martin v. Heritage Manor South, XXXX-XXXX (La.4/3/01), 784 So.2d 627; Gibson v. Bossier City Gen'l Hosp., 594 So.2d 1332 (La.App. 2 Cir.1991). Cash Point has not shown, by its first two assignments of error or otherwise, that this judgment is clearly contrary to the pertinent law, La. C.C. arts. 689 and 692. Cash Point has also failed to show that the judgment is insupportable by any fair interpretation of the evidence  including the supplemental plat, which obviously did not dissuade the district court from its prior judgment. We perceive no abuse of discretion.

Conclusion
For the reasons expressed, the judgment is affirmed. Costs are to be paid by the appellants, Cash Point Plantation Equestrian Center, Inc., River Point Racing *980 and Equestrian Center, Inc., and Alan and Louise Fox.
AFFIRMED.

NOTES
[1] The layout is depicted in Exhibit "A" to this opinion, which reproduces the plat attached to the parties' trial stipulations.
[2] The green route appears to cross Riverbend Road at one point, although Stipulation No. 9 recites that the green route "does not traverse any property owned by Shelton" (emphasis in original).