940 So.2d 693 (2006)
Stephen MURPHY, Plaintiff-Appellant
v.
KAVANAUGH, Defendant-Appellee.
No. 41,541-WCA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 2006.
Stephen Murphy, In Proper Person.
Workers' Compensation Center of Louisiana, LLC, by William T. Allison, Shreveport, for Appellant.
Michael S. Coyle, Ruston, for Appellee.
Before STEWART, CARAWAY and LOLLEY, JJ.
CARAWAY, J.
On July 13, 2004, Stephen Murphy filed a disputed claim with the Office of Workers' Compensation against his employer, Kavanaugh Group Temporary Services, Inc. In support of his claim, Murphy alleged as follows:

*694 I Stephen Murphy was working in the factory and the glue stuck to my arm and caused sores on my skin & a air ship ran a heard of bird in to my body after hitting the engine.
Counsel was appointed to represent Murphy, due to his questionable mental capacity, on August 26, 2004.[1] On January 30, 2006, Murphy's counsel filed a motion to dismiss the action with prejudice or to withdraw as counsel for Murphy. Counsel alleged that Murphy was civilly committed to the Central Louisiana State Hospital and that no credible evidence existed to support the claim. On February 2, 2006, the Workers' Compensation Judge ("WCJ") dismissed Murphy's action with prejudice. Murphy has filed this pro se appeal of that judgment; however, no clear assignment of error has been made.
The well-settled jurisprudence establishes that an admission by a party in a pleading constitutes a judicial confession and is full proof against the party making it. C.T. Traina, Inc. v. Sunshine Plaza, Inc., 03-1003 (La.12/3/03), 861 So.2d 156. A judicial confession has the effect of waiving evidence as to the subject of the admission. Id. A declaration made by a party's attorney or mandatory has the same effect as one made by the party himself. La. C.C. art. 1853, Comment (b).
Assignments of error neither briefed nor argued in brief are deemed abandoned. URCA 2-12.4; Graham v. Nissan, 39,656 (La.App. 2d Cir.6/29/05), 907 So.2d 213; Knotts v. Snelling Temporaries, 27,773 (La.App. 2d Cir.12/6/95), 665 So.2d 657; Brown v. Ruskin Mfg. Co., 33,015 (La.App. 2d Cir.4/5/00), 756 So.2d 667.
In this matter, the appealed judgment rendered in response to Murphy's counsel's motion to dismiss with prejudice, ordered simply that "[t]his matter be and it hereby is Dismissed with prejudice." In so ruling, it is apparent that the WCJ considered counsel's pleadings as a judicial confession that "there is no credible evidence that supports this claim. . . ." Murphy has raised no discernible issues in his pro se brief which demonstrate error in the ruling which is otherwise authorized by the jurisprudence. On these grounds we affirm the judgment dismissing Murphy's claim with prejudice.
AFFIRMED.
NOTES
[1] Evidence contained in the record shows that in an unrelated criminal matter, Murphy was confined due to his mental incapacity to proceed to trial. This court terminated the confinement on May 26, 2004, and directed the state to institute civil commitment proceedings or the release of Murphy from custody. The record contains unsigned copies of a joint petition for civil commitment of Murphy and order of civil commitment.