MOORE, J.
_JjThe mother, Claudeidra Houston McNeal, appeals a judgment that, inter alia, dismissed her rule to relocate the parties’ four-year-old son, Justen, to her new home in Birmingham, Alabama, and modified the visitation schedule at the request of the father, Bruce Anderson. We affirm.

Procedural Background

Claudeidra and Bruce were never married, but Justen was born in February 2004. The record does not disclose who exercised primary custody during Justen’s first months, but Bruce filed a petition for custody in August 2005, alleging that he “has had custody and has custody of the child on a regular basis.” The parties entered a stipulated judgment of joint custody that split their time 50-50.
In May 2007, Bruce filed a rule to prevent Claudeidra from moving out of state with Justen. He alleged that she was threatening to move to Alabama to be with a man she met on the Internet, but needed court authorization under La. R.S. 9:355.10 to take the child. After a hearing in June 2007, the court prohibited either parent from relocating Justen out of state or over 150 miles away in state.[1]
Less than three weeks later, Claudeidra filed a motion to amend the custody order and for authorization to move the child out of state. She alleged that she had a July 21 wedding date with a man in Birmingham, a nice job as a teacher there, and it would be in Justen’s best interest to come to Alabama with her. Bruce opposed this. After a hearing in April 2008, the court denied Claudeidra’s motion to relocate Justen; maintained joint |2custody but named Bruce the domiciliary parent; issued a joint custody plan giving Claudei-dra alternating weekends and other specified visitation; ordered Claudeidra to pay $250 a month child support, and to pay past due support of $4,146[2] within 90 days; and alternated the income tax dependency claim. Claudeidra did not appeal this judgment; the court later stated that it was final.
Apparently because of the six-hour drive from Birmingham to Shreveport, and because of Claudeidra’s school schedule, there were some miscues in visitation. On two occasions, she was late coming to pick up Justen, and once she kept him for an extra day that was a school holiday for her, but not for the child. She was also late with child support, making no monthly payments until August, and no payments at all on the arrears. Bruce filed a rule for contempt and to modify visitation; this was scheduled for hearing on September 3, 2008.
Two weeks before the hearing, Claudei-dra filed the instant rule for contempt and to relocate the child. She alleged that Bruce was interfering with her visitation and refusing to foster a relationship between Justen and her relatives, who still lived in Shreveport. She reiterated that moving Justen to Birmingham would be to his “financial, educational and emotional *1031 benefit.” Her rule was also set for September B, 2008. Bruce responded with an exception of res judicata, urging that Clau-deidra had agreed to the relocation rule and could not now contest it.
Is At the hearing on September 3, the district court began by telling Bruce’s counsel, “I assume we are going to have a trial, * * * and we’re only trying your rule, is that correct?” Bruce’s counsel replied, “That is correct,” and Claudeidra’s counsel echoed, “That is correct.”
The parties and several of Claudeidra’s relatives gave detailed accounts of every visitation exchange that had occurred since the April 2008 judgment. Bruce’s counsel ultimately waived contempt for the weekend visitation problems (“I just want it straight for the future”); however, he maintained his claim for contempt with respect to unpaid child support. Claudei-dra’s description of her financial situation was somewhat evasive; the court frequently told her to “quit mumbling.”

Action of the District Court

At the close of evidence, the court orally held Claudeidra in contempt for failing to pay child support as previously ordered; it sentenced her to 45 days in jail, but suspended this for 60 days, giving her additional time to pay. The court found no contempt for the weekend visitation problems, but sternly ordered both parties that exchanges were to occur promptly at 6 pm Friday and Sunday, and that any extended visits must fit Justen’s school calendar, not the parents’. Finally, the court designated three of Claudeidra’s relatives to pick up and return Justen from weekend visits.
The written judgment incorporated all these rulings, adding explicitly that Clau-deidra’s rule for contempt and to relocate was dismissed.
From this judgment Claudeidra has appealed, raising two assignments of error.
| ¿Discussion
By her first assignment of error, Claudeidra urges the court erred in dismissing her rule for contempt and to relocate the minor child. She contends, without elaboration, that her 14th Amendment due process rights were violated when the court dismissed her rule without any motion to dismiss being filed or made in court. She concedes that under La. C.C.P. art. 1672, the court may grant an involuntary dismissal at the close of the plaintiffs case, on the defendant’s motion, but asserts that Bruce made no such motion either in writing or orally. She further contends that the court held no hearing on her motion and gave no reasons for dismissal, thus further undermining its action.
Bruce responds that the parties held an “extensive pretrial conference” before trial on September 3, 2008, in which both attorneys agreed to try only Bruce’s rule. He specifically cites the colloquy at the beginning of the hearing, in which Claudeidra’s counsel agreed to this. He concludes that because of the agreement reached in pretrial conference and corroborated at the hearing, this issue is moot.
A judicial confession is a declaration made by a party in a judicial proceeding. It constitutes full proof against the party who made it, is indivisible, and may be revoked only on the ground of error of law. La. C.C. art. 1853; Cichirillo v. Avondale Indus. Inc., 2004-2894 (La.11/29/05), 917 So.2d 424; Cash Point Plantation Equestrian Center Inc. v. Shelton, 40,647 (La.App. 2 Cir. 1/25/06), 920 So.2d 974. A declaration made by a party’s attorney or mandatary has the same effect as one made by the party 15himself. La. C.C. art. 1853, Revision Comment (b); C.T. Traina Inc. v. Sunshine Plaza Inc., 2003-1003 (La.12/3/03), 861 So.2d 156. *1032 The attorney’s response -to questioning by the court may also constitute a judicial confession. Cichirillo v. Avondale Indus. Inc., supra.
The instant transcript clearly shows an agreement to try Bruce’s rule only. Apparently referring to a pretrial agreement, the court stated to Bruce’s counsel, “I assume we are going to have a trial, * * * and we’re only trying your rule, is that correct?” Bruce’s counsel agreed; critically, Claudeidra’s counsel confirmed, “That is correct.” This colloquy plainly waived the trial of her rule for contempt and to relocate the child on that date. Cichirillo v. Avondale Indus. Inc., supra. We also note, with Bruce, that the ultimate dismissal of her rule was without prejudice, leaving open the possibility of future action on the same claims.[3] La. C.C.P. art. 1673.
This assignment of error lacks merit.
By her second assignment of error, Claudeidra urges the court erred in modifying the stipulated joint custody plan without hearing evidence under La. C.C. art. 134. She contends that a party seeking to modify a stipulated judgment of custody must prove a material change of circumstances and that the proposed modification is in the child’s best interest. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731; Poole v. Poole, 41,220 (La.App. 2 Cir. 3/22/06), 926 So.2d 60. She contends that the judgment of September 3, 2008, made “a restrictive modification of visitation” without any evidence establishing a change in circumstances | ^materially affecting Justen’s welfare. She summarizes the evidence, submitting that “all the facts about Appellant” show no change between the stipulated judgment of April 2008 and the hearing on September 3, 2008. She concludes that the judgment should be reversed and the matter remanded for a trial on custody and relocation.
Bruce responds that the court did in fact receive evidence about the problems that arose after the original joint custody plan was implemented, and ordered four modifications; three of these clarified the prior order, and the remaining one assisted her in effectuating visits. He submits that if Claudeidra will adhere to the changes, they will benefit Justen.
As noted above, at the hearing on September 3, 2008, the parties agreed to try only Bruce’s rule for contempt and to modify visitation. Because of this agreement, the district court properly confined the trial to those two issues. Contrary to Claudeidra’s contention, the court committed absolutely no error in failing to analyze the evidence in the light of La. C.C. art. 134 or the jurisprudence regarding change of custody.
A modification of visitation rights is not as substantial as a change of actual physical custody, so a showing that the modification is in the child’s best interest is sufficient. Adams v. Adams, 39,424 (La.App. 2 Cir. 4/6/05), 899 So.2d 726; Bradford v. Bradford, 30,128 (La.App. 2 Cir. 12/23/97), 704 So.2d 440, and citations therein.
The prior joint custody plan expressed Claudeidra’s weekend visitation as follows:
Every other weekend from Friday until Sunday. If there is an extended weekend, in which the mother is off on a Friday 17or Monday, Claudeidra Houston may exercise one of her weekend visitations on such extended weekend. She must give him ten (10) days notice on *1033 any extended weekend she intends to exercise.
After hearing extensive testimony about problems with visitation, the court modified the plan to provide:
(a) Claudeidra Houston McNeal shall have visitation every other weekend from Friday at 6:00 p.m. to Sunday at 6:00 p.m.
(b) Any holiday or extended weekend shall be determined by the annual calendar published by the school district where the minor child attends school.
(c) Within 24 hours of Claudeidra Houston McNeal’s visitation, she shall notify Bruce Lee Anderson of who is picking up the minor child and where the minor child is staying during the visitation period. The following individuals may pick up the minor child for the transportation during the exchanges: * * *.
(d) If the maternal grandmother, Peggy Houston, exercises visitation during Claudeidra Houston McNeal’s first eligible weekend of the month pursuant to the joint custody plan, then Claudeidra Houston McNeal shall not be entitled to exercise any further visitation that month. If Clau-deidra Houston McNeal exercises visitation during her first eligible weekend of the month, Peggy Houston may exercise Claudeidra Houston McNeal’s next weekend visitation.
These modifications retain the spirit of the original visitation schedule while providing definite times for the exchanges and addressing the problems that had arisen under the original plan. The record fully supports the district court’s finding that changes were warranted and in Justen’s best interest, as well as the specific changes ordered in the judgment. This assignment lacks merit.
| ¡¡Conclusion
For the reasons expressed, the judgment is affirmed. All costs are to be paid by Claudeidra Houston McNeal.
AFFIRMED.

. The minutes state that this was by the parties’ agreement, but the judgment recites “by the law and evidence.”

. The past due amount apparently arose from a separate enforcement action filed by DSS under La. R.S. 46:236.1.2, and not part of the instant record.

. One day after the hearing, Claudeidra filed another rule for contempt and to change custody of the minor child, implicitly acknowledging that the dismissal was without prejudice.