BROWN, Chief Judge.
11 Louis Perry Johnson appeals from the judgment of the trial court dismissing with prejudice his cross-claim against Lee Arthur Johnson. For the reasons stated herein, we affirm.

Facts and Procedural Background

Lynn Johnson and his wife, Girtha Iver-son Johnson, owned a 70-acre tract of land in Bienville Parish. They had seven children: Andrew, James, Melvin, Lee Arthur, Paul, Dorothy, and Louis Perry. Lynn Johnson died intestate in 1981. As a result, the 70-acre tract was divided as follows: ⅜ to Girtha as his surviving spouse; and, 1/7 of ½ (1/14) to each of the seven children.
On January 7, 1985, the seven children entered into an agreement regarding each one’s 1/14 share in which they stated that:
Now, the above named owners in undivision (sic) do hereby agree that if anyone of the owners decides to sell his or her interest, he/she must give the other owners first chance to purchase their undivided interest, at the price after the said interest has been appraised by a qualified appraiser, and a fair market value.
The agreement was recorded on January 29, 1985. Girtha Johnson died on July 8, 1995. She had a last will and testament leaving all of her property to her son, Paul Johnson. No succession proceedings, however, were opened until October 2006, at which time, the will was declared a nullity.
The members of the Johnson family have been involved in five lawsuits involv *1004 ing the Johnson property. The issue presented in this appeal evolved out of the lawsuit filed by Andrew Johnson, through his curatrix, Mary Johnson, against Lee Arthur Johnson and by amendment against Louis Perry Johnson.
|2On March 6, 2000, Andrew Johnson sold his undivided interest in the property to Levon Parker. The undivided interest was a 1/7 interest, the 1/14 inherited from his father and 1/14 inherited from his mother. On February 18, 2004, Louis Perry Johnson sold his 1/7 interest to his brother, Lee Arthur Johnson, for $4,000.
On April 25, 2005, Lee Arthur filed suit against Levon Parker and Andrew seeking to rescind the sale of Andrew’s interest based on Andrew’s failure to give the other owners right of first refusal as set forth in the 1985 agreement. This suit was filed on behalf of, and listed as plaintiffs, all of the children, excluding Andrew. Pertinent to this appeal, Louis Perry Johnson was listed as a plaintiff. On December 9, 2005, the parties entered into a consent judgment whereby Lee Arthur acquired the 1/7 interest from Levon Parker for the original price ($7,250) paid by him to Andrew. In the case sub judice, Louis Perry is trying to rescind the sale to Lee Arthur and revive that lawsuit, Suit No. 38,996.
On October 20, 2006, probate proceedings were filed in the Succession of Girtha Johnson. In those proceedings, the will, giving all of her interest to Paul, was contested and declared annulled. The petition stated that Louis Perry had conveyed his 1/7 interest to Lee Arthur. It further stated that Lee Arthur owned an undivided 1/7 interest as his separate property and acquired an undivided 2/7 interest as community property (from Le-von Parker and Louis Perry). Louis Perry, as a petitioner, purportedly executed a verification dated October 11, 2006, attesting to the truthfulness of the petition. On December 31, 2006, a judgment of ^possession was rendered. The judgment did not recognize Andrew or Louis Perry as owners of any interest in the property.
On November 10, 2009, judgment was rendered on a suit brought by all co-owners against Paul Johnson, seeking a partition of the 70-acre tract. The judgment again recognized Lee Arthur as the owner of a 1/7 interest as his separate property and 2/7 interest as his and his wife’s community property. The judgment allocated a 19.14-acre tract to the community arid an 11.14-acre tract to Lee Arthur as his separate property.
James Johnson died intestate on May 19, 2009, while the aforementioned partition suit was pending. The judgment of possession in the Succession of James placed the six remaining siblings into possession of an undivided 1/6 interest in a 10.09-acre tract owned by the deceased. The 10.09-acre tract was acquired by James in the partition suit. Verifications to the petition for partial possession were purportedly signed by Louis Perry on October 25, 2010, and by Andrew’s curatrix on October 29, 2010.
The present litigation filed on October 9, 2009, by Andrew against Lee Arthur sought to invalidate the February 4, 2004, conveyance by Louis Perry to Lee Arthur. The petition sought to undo the sale based on the previously executed right of first refusal. After the filing of an exception of nonjoinder of a necessary party, Andrew filed an amended petition on March 2, 2010, joining Louis Perry as a defendant. On October 17, 2011, Louis Perry filed an answer admitting to the allegations in Andrew’s petition. Louis Perry also filed a cross-claim and third party demand. The third party demand was filed against Le-von Parker and the cross-claim |4against Lee Arthur. Louis sought to invalidate the sale to Lee Arthur from Parker and to *1005 revive the lawsuit between Lee Arthur and Levon Parker, Suit No. 38,996.
In response, Lee Arthur filed exceptions of prescription, no cause of action, no right of action, res judicata, issue preclusion, failure to file compulsory claim, estoppel, collateral estoppel and lack of clean hands. Trial on the exceptions was held on September 12, 2013. Thereafter, the trial court rendered judgment in favor of Lee Arthur sustaining all of the exceptions but prescription (which was found to be moot) and dismissed the claims of Andrew and Louis Perry with prejudice. Only Louis Perry has appealed.

Discussion

Considering that the trial court neither specified which exceptions pertained to Andrew’s claim and which exceptions pertained to Louis Perry’s claim, nor went into any detail as to why it was granting any of the exceptions put forth by Lee Arthur, we will limit our review of the exceptions to see whether any apply to Louis Perry’s cross-claim against Lee Arthur.
An action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. An exception of no right of action is a peremptory exception designed to test whether a plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(A)(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Hood v. Cotter, 08-0215 (La.12/02/08), 5 So.3d 819. The standard of review for an exception of no right of action is de novo.
In his cross-claim and third party demand against Lee Arthur and Levon Parker, respectively, Louis Perry seeks to have the consent judgment entered into between Lee Arthur and Levon Parker rescinded and the suit revived. Although a named plaintiff in that suit, Louis Perry claims that he was not provided an opportunity to purchase his share of the subject property; he was not given notice that a hearing on the matter had been set; and he was not given an opportunity to consent to or reject the compromise.
Lee Arthur, on the other hand, states that Louis Perry was a named plaintiff and, like him, was represented by attorney Jonathan Stewart. Further, Lee Arthur contends that Louis Perry not only acquiesced in his purchase of the property from Levon Parker through the consent judgment, but that he also explicitly acknowledged as much when he signed the verification attesting to Lee Arthur’s ownership of Andrew’s interest in their mother’s succession.
Our de novo review of the record shows that the exceptor adequately proved that Louis Perry had notice of the suit against Andrew and Levon Parker, that he acquiesced in the consent judgment between Levon Parker and Lee Arthur, and, lastly, that he acknowledged such in his signed verification attached to the petition in his mother’s succession proceedings. The petition in the succession proceedings of Gir-tha Johnson, which Louis Perry signed and verified, stated:
IrA judgment of possession should be rendered recognizing James Edward Johnson, Melvin Gene Johnson, Lee Arthur Johnson, Paul Johnson, Dorothy Ann Johnson Powell, Louis Perry Johnson and Andrew John'son as the only children and sole heirs of the deceased and entitled to ownership of all property belonging to the succession of the deceased, subject to the following:
(1) Sale from Andrew Johnson to Le-von Parker ...
*1006 (2) The provisions of the judgment rendered in Suit No. 38,996 (Lee Arthur et al. v. Levon Parker)
[[Image here]]
(3) The cash sale deed from Levon Parker to Lee Arthur Johnson ...
(4) The cash sale deed from Louis P. Johnson to Lee A. Johnson ...
Although Louis Perry tried to claim in his testimony that his signature had likely been forged on the signed verification, his sister Dorothy testified that she drove Louis Perry to the bank to have his verification notarized.
A judicial confession is a declaration made by a party during a judicial proceeding. La. C.C. art 1853; Anderson v. Houston, 44,766 (La.App.2d Cir.09/23/09), 22 So.3d 1029. A declaration that expressly acknowledges an adverse fact and is made by a. party in a judicial proceeding is a “judicial confession” that constitutes full proof against the party who made it. La Louisiane Bakery Co., Ltd. v. Lafayette Ins. Co., 09-825 (La.App. 5th Cir.02/08/11), 61 So.3d 17, writ denied, 11-0493 (La.04/25/11), 62 So.3d 95.
Furthermore, Jonathan Stewart, the attorney representing Lee Arthur and Louis Perry in their suit against Andrew and Levon Parker, testified that he spoke with Louis Perry regarding the suit and consent judgment, and that he corresponded with him, and the other party-plaintiff siblings, throughout the proceedings via mail; none of the mailings were returned as undelivered. It was stipulated that the testimony of Mr. Stewart’s secretary, Cheri |7Falgout, would be the same. Although Louis Perry never signed and returned his approval of the consent judgment, other siblings did. In all, approximately eight correspondences from Mr. Stewart to Louis Perry were entered into evidence. In particular, one stated that “I understand from talking with each of you that none of you all desire to contribute money into the repurchase of property that Andrew Johnson sold to Levon Parker.”
Considering the aforementioned, we find that the record reflects that Louis Perry not only had notice of the suit against Levon Parker and Andrew, in which he was a party plaintiff, but that he also acquiesced in the consent judgment and Lee Arthur’s purchase of the subject property. In addition, we find that Louis Perry’s signed verification entered in the succession of Girtha Johnson was a judicial confession acknowledging the adverse fact that Lee Arthur had acquired the subject property. At no time, until these proceedings were begun, had Louis Perry contested the validity of that purchase by Lee Arthur. As such, we hold that Louis Perry has no right of action to revive Suit No. 38,996 (Lee Arthur, et al. v. Levon Parker). Therefore, the judgment of the trial court dismissing Louis Perry’s cross-claim against Lee Arthur is affirmed.
Based upon our finding that the trial court properly dismissed Louis Perry’s cross-claim against Lee Arthur, we preter-mit determining whether the trial court erred in sustaining Lee Arthur’s other peremptory exceptions. Furthermore, as our de novo finding was not based on any of the testimony to which Louis Perry objected to as hearsay, we also pretermit any discussion regarding that assignment of error.
|s Conclusion
For the foregoing reasons, the judgment of the trial court dismissing Louis Perry Johnson’s cross-claim against Lee Arthur Johnson is affirmed. Costs of this appeal are assessed to Louis Perry Johnson.