GARRETT, J.
The plaintiff, Eula M. Collins, appeals a decision by the trial court granting summary judgment in favor of the defendant, Charles D. Hill.[1] The judgment dissolved a sale of immovable property, awarded Hill money deposited into the registry of the court, recognized Hill's entitlement to other funds previously paid by Collins, and terminated all rights of Collins to possession of the property. For the following reasons, we reverse and remand for further proceedings.
FACTS AND PROCEDURAL BACKGROUND
This dispute began in April 2013, and has been in the judicial system for almost six years. It appears that at least five different judges have presided over the matter. Hill's legal position has evolved over time. To understand why the summary judgment was improperly granted, a review of the events leading up to the suit and its progress is necessary.
In March 2009, Collins entered into a rental agreement with Hill concerning a house in Sterlington, Louisiana. This arrangement changed when Hill sold the property to Collins. In October 2010, Collins and Hill executed a "Deed Subject to Mortgage" conveying title to the immovable property to Collins. The deed acknowledged receipt by Hill of a $ 5,000 payment from Collins. The deed further provided that the sale was subject to a mortgage executed by Hill in 2009, in the original amount of $ 69,893.97, with a current balance of $ 68,749.53. The deed provided that Collins was to make the mortgage payments to Hill. After buying the property, Collins claimed that she made $ 25,000 worth of improvements, in addition to other expenditures for repairs, insurance, and taxes.
For reasons disputed by the parties, on April 2, 2013, Collins deeded the property back to Hill. The recited consideration was the "return" of the property subject to the mortgage. At that time, the balance due on the mortgage executed by Hill was $ 60,538.34. Hill claimed the transaction was done to avoid foreclosure, because Collins was behind in making the mortgage payments. Collins claimed that Hill fraudulently told her there was a title problem *1205 and she needed to deed the property back to him. He would then deed it back to her when the problem was cured. According to Collins, in April 2013, soon after the allegedly fraudulent deed was executed, Hill served her with an eviction notice obtained from a justice of the peace.
On April 29, 2013, Collins instituted the present suit for breach of contract, which sought recognition of her ownership rights, damages, and attorney fees. Collins claimed that she could not be evicted from the property because she was the owner. Attached to her petition were copies of two eviction notices obtained by Hill through a justice of the peace, the 2010 deed to her, and numerous other documents.
In October 2013, Hill filed an answer and reconventional demand claiming that the business relationship with Collins began in March 2009, as a rental agreement. In October 2010, a deed subject to a mortgage was executed. In his answer, Hill maintained that Collins did not make the $ 5,000 down payment and failed to make the mortgage payments. Hill claimed that in April 2013, Collins deeded the property back to him and continued to live in the house under an oral month-to-month rental contract. In his reconventional demand, Hill demanded the past-due rent, termination of the month-to-month lease, and an order evicting Collins from the property.
On January 31, 2014, Collins filed an exception, claiming that Hill had no cause of action for eviction because she had purchased the property and was not renting it. She urged that the trial court should first determine the primary issue of ownership. Collins later filed an exception of no right of action, essentially making the same arguments raised in the first exception. In March 2014, Collins amended her petition to allege that Hill acted fraudulently in inducing her to deed the property back to him. Hill answered, denying the fraud allegations.
On April 24, 2014, the parties appeared in court and agreed to have the exceptions considered at the trial on the merits. Collins presented a check for $ 7,640, representing ten months' payments. The check, as well as future monthly payments of $ 764 per month, were ordered to be deposited into the registry of the court.
In December 2016, Hill filed an amended and supplemental reconventional demand arguing that, if Collins had occupied the property under the 2010 deed, then she had failed to pay the purchase price. Hill noted that Collins paid $ 7,640 in court in April 2014, but since that time had only paid $ 19,864.[2] Hill contended that Collins was delinquent in the amount of $ 3,820. Hill also alleged that, if Collins possessed the property as owner, she had failed to fulfill her obligation under the agreement to pay the property taxes and insurance. According to Hill, due to Collins's failure to pay, the sale should be dissolved for nonpayment under La. C.C. art. 2561, which provides in part that, if the buyer fails to pay the price, the seller may sue for dissolution of the sale. Collins answered and denied these allegations.
In March 2017, Hill filed the instant motion for summary judgment. He first claimed that Collins breached her lease agreement. He alleged "as an alternative action" that there was a sale between the parties and urged that he was entitled to have the sale dissolved for Collins's failure *1206 to pay the consideration for the purchase of the property. Hill maintained that Collins failed to make all payments required by the deed, including insurance and property taxes.
In his affidavit, Hill contended that Collins was a lessee and was delinquent in her rent payments. He again acknowledged that Collins paid $ 7,640 in court in April 2014, that he actually received those funds, and that Collins paid $ 19,864 into the registry of the court since that time. He claimed that her payments were delinquent in the amount of $ 6,112. If she was the owner, he asserted that she also owed for property taxes and insurance for a total delinquency of $ 11,083.63, after application of all her payments made into the registry of the court. Hill acknowledged that Collins made the $ 5,000 down payment for the sale, even though in his answer and reconventional demand, he previously denied this. Hill alleged that the only dispute between the parties was whether this was a lease or a sale conditioned on payment of the mortgage. He contended that it did not matter whether there was a lease or a sale because, under either scenario, Collins breached her obligation to pay and he was entitled to relief.
In her affidavit attached to her opposition to the motion, Collins claimed that she paid insurance and taxes on the property and that she never defaulted on the payment of the original mortgage. Collins contended there was a genuine issue of material fact as to whether the agreement between the parties was a lease or a sale, noting that Hill acknowledged this dispute in his motion for summary judgment.
In his response to Collins's opposition to the motion for summary judgment, Hill contended that the delinquency for monthly payments had increased to $ 8,404. He again asserted that, whether the agreement was a lease or a sale, Collins was not entitled to possess the property, due to her failure to pay.
A hearing on the motion was held on May 11, 2017, before a judge pro tempore . At the hearing, Hill's lawyer abandoned the contention that the agreement between the parties was a lease and acknowledged that the agreement was, in fact, a sale.
Collins maintained that she paid the $ 5,000 down payment and made the payments into the registry of the court as required. However, her attorney stated that he was not sure if she made all the payments required. He argued that, if Collins was behind on the payments under the sale, the appropriate remedy would have been a foreclosure action and not the relief being sought by Hill.
Hill countered that he could not foreclose, because he was not the mortgage holder. He urged that Collins was obligated to pay the mortgage company. Because the trial court had previously ordered Collins to pay money into the registry of the court, Hill complained that this required him to pay the mortgage company.[3] He also contended that Collins was delinquent on her payments into the registry of the court by $ 8,404. Hill asked that the sale be dissolved under La. C.C. art. 2561, that he be awarded all the money in the registry of the court, and that he be allowed to keep the $ 7,640 previously tendered.
The trial court summarily granted judgment in favor of Hill. As a result of the ruling, Hill was awarded ownership of the property and was allowed to retain all the money paid by Collins, whether before or *1207 during the lengthy pendency of the claim. Collins appealed suspensively. The appeal was later converted to a devolutive appeal. On October 24, 2017, Hill filed another rule to evict Collins, but on November 15, 2017, he informed the court that Collins had abandoned the property and a hearing on the rule would not be necessary.
SUMMARY JUDGMENT
In her appeal, Collins maintains that the trial court erred in granting Hill's motion for summary judgment without considering her exceptions in which she argued that she was the owner of the property and could not be evicted; in finding that she should be evicted from the property; and in failing to make a determination of her status as an owner or a tenant. Collins requests that this court reverse the trial court judgment and remand the matter for further proceedings. Collins essentially argues that the trial court erred in granting summary judgment in favor of Hill. We agree.
Legal Principles
Appellate courts review motions for summary judgment de novo , using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Peironnet v. Matador Res. Co. , 2012-2292 (La. 6/28/13), 144 So.3d 791 ; Bank of Am., N.A. v. Green , 52,044 (La. App. 2 Cir. 5/23/18), 249 So.3d 219 ; Chanler v. Jamestown Ins. Co. , 51,320 (La. App. 2 Cir. 5/17/17), 223 So.3d 614, writ denied , 2017-01251 (La. 10/27/17), 228 So.3d 1230.
The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Schultz v. Guoth , 2010-0343 (La. 1/19/11), 57 So.3d 1002. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).
A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) ; Chanler v. Jamestown Ins. Co. , supra .
A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Jackson v. City of New Orleans , 2012-2742 (La. 1/28/14), 144 So.3d 876, cert. denied , --- U.S. ----, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014). In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Chanler v. Jamestown Ins. Co. , supra .
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1) ; Bank of Am., N.A. v. Green , supra.
*1208 Discussion
Neither party seemed to have a firm grasp on the issues presented in this case. The issues and theories of recovery evolved and shifted constantly during the lengthy period of time that this case has been pending. The judgment signed by the trial court completely short-circuited the procedures required by the Louisiana Civil Code if dissolution is ultimately determined to be the appropriate remedy. In the trial court, Collins argued that there was a dispute created by Hill as to whether the agreement between the parties was a lease or a sale. When Hill filed his motion for summary judgment, he acknowledged that there was a dispute as to whether the agreement between the parties was a lease or a sale. He contended that this was not a material issue of fact because, if Collins had failed to pay her obligation, under either scenario, the result would be essentially the same. Either the sale would be dissolved or Collins would be evicted. Hill also asserted that, in either instance, he would be entitled to receive the money paid into the registry of the court.
When the parties appeared in court for the hearing on the motion for summary judgment, Hill's attorney abandoned his client's original position that this was a lease dispute. Instead, Hill's attorney admitted that the agreement was a sale. Hill's lawyer said:
I'd stipulate that the sale - the sale that occurred on April 10, 2010, is a valid sale.[4] It's still a sale and I say she's breached her obligation of consideration of payment under that sale and therefore, 2561. I - that's the confusion. I don't care if it's an eviction, whatever. I'll say - I'll say it's a sale. I'll agree with him. It is a sale. Therefore, you have breached your obligation of payment of the consideration of that sale, therefore, 2561. I'll say it's a sale right here in this hearing. It is a sale. And we'll go from there.
At that point, the dispute about whether the agreement was a sale or a lease was ended. Hill's lawyer never argued that the subsequent transfer of the property from Collins to Hill in 2013 was valid.
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it. La. C.C. art. 1853. Bank of Am., N.A. v. Green , supra. A judicial admission or confession is a party's express acknowledgment of the correctness of the fact or the act charged against him by his adversary. Such a confession is designed to dispense with evidence and has the effect of withdrawing the subject matter of the confession from issue. Luquette v. Allstate Ins. (Indem.) Co. , 50,177 (La. App. 2 Cir. 8/12/15), 174 So.3d 736, writ denied , 2015-1641 (La. 10/30/15), 180 So.3d 300.
A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. La. C.C. art. 1853 ; Wilkerson v. Wilkerson , 42,324 (La. App. 2 Cir. 8/15/07), 962 So.2d 1137 ; Cash Point Plantation Equestrian Ctr., Inc. v. Shelton , 40,647 (La. App. 2 Cir. 1/25/06), 920 So.2d 974. A declaration made by a party's attorney or mandatary has the same effect as one made by the party himself. La. C.C. art. 1853, Revision Comment (b); C.T. Traina Inc. v. Sunshine Plaza Inc., 2003-1003 (La. 12/3/03), 861 So.2d 156 ; Anderson v. Houston , 44,766 (La. App. 2 Cir. 9/23/09), 22 So.3d 1029 ; Murphy v. Kavanaugh , 41,541 (La. App. 2 Cir. 9/27/06), 940 So.2d 693. The attorney's *1209 response to questioning by the court may also constitute a judicial confession. Anderson v. Houston, supra .
Even after the judicial confession, in her assignments of error, Collins argued that the trial court erred in considering and ruling on Hill's motion for summary judgment without first ruling on her exceptions. Collins contended that Hill had no cause or right of action for eviction because she owned the property and was not leasing it. Her other assignments of error were also related to the issue of whether the agreement between the parties was a sale or a lease. She argued that the trial court erred in failing to determine whether she was an owner or a tenant, and erred in ordering that she be evicted from the property because, as an owner, she could not be evicted. Because Hill's attorney judicially confessed that the agreement was a valid sale, there was no issue to be decided regarding whether the agreement was a lease or a sale.
This does not end the inquiry. The record shows that, in spite of this judicial admission, there were numerous disputed issues of material fact precluding summary judgment. These issues include whether Collins had failed to pay; whether Collins was entitled to recover some or all of the money she had paid, including her claim for improvements made to the property; whether Hill was entitled to an offset for the fair rental value of the property while Collins possessed it; and whether Collins should be granted more time to pay. Under La. C.C.P. art. 2164, this court is required to render any judgment which is just, legal, and proper. Because of the numerous genuine issues of material fact presented in this matter, together with unresolved legal issues, we are compelled to find the trial court erred in granting summary judgment in favor of Hill.
Failure to Pay
In order to dissolve the sale, Hill was required to show that Collins had not paid the price. He claimed that she admitted she had not paid the price. The record does not support this claim, which was largely based upon an equivocal statement by Collins's attorney that he did not know if his client was behind in her payments. The record shows that Hill eventually admitted that Collins made the substantial $ 5,000 payment described in the 2010 deed. In her affidavit attached to her opposition to the motion for summary judgment, Collins claimed that she paid insurance and taxes on the property and that she never defaulted on the payment of the original mortgage. Collins stated in her response:
The plaintiff attests that she was current in all payments up to her last payment, to the Court, of $ 19,864.00.
The plaintiff has since become aware that the Court Order has not been followed and Mr. Hill has possession of monies that have been ordered paid into the Court.
The plaintiff has the mortgage payments.
Hill presented nothing more than an affidavit setting forth amounts he claimed had not been paid. Collins filed an affidavit stating that she made all payments due and that she had the money to pay the mortgage. Therefore, whether Collins had, in fact, failed to make the payments required of her under the sale was a genuine issue of material fact precluding the grant of summary judgment.
Remedy
If Hill is able to prove entitlement to dissolution of the sale, the remedy for dissolution is complex and raises genuine issues of material fact that, in this case, preclude the grant of summary judgment.
*1210 Regarding sales, the buyer is bound to pay the price and to take delivery of the thing. La. C.C. art. 2549. Payment of the price is due at the time and place stipulated in the contract, or at the time and place of delivery if the contract contains no such stipulation. La. C.C. art. 2550 ; Stroope v. Smith , 50,685 (La. App. 2 Cir. 5/18/16), 199 So.3d 612. While he originally claimed that the status of the parties was lessor/lessee, Hill later sought to dissolve the sale under La. C.C. art. 2561, which provides:
If the buyer fails to pay the price, the seller may sue for dissolution of the sale. If the seller has given credit for the price and transfers that credit to another person, the right of dissolution is transferred together with the credit. In case of multiple credit holders all must join in the suit for dissolution, but if any credit holder refuses to join, the others may subrogate themselves to his right by paying the amount due to him.
If a promissory note or other instrument has been given for the price, the right to dissolution prescribes at the same time and in the same period as the note or other instrument.
Revision Comment (c) to La. C.C. art. 2561 states that, after perfection of the sale, where the buyer fails to pay the price, the seller may either sue for payment of the price or for dissolution under this article. If there is a judicial dissolution of the sale, the property is restored to the seller and the buyer is discharged from his obligation to pay the price. If the buyer has paid a part of the price, he is entitled to have that part returned to him. Sliman v. McBee , 311 So.2d 248 (La. 1975) ; Stroope v. Smith , supra ; White v. Crook , 426 So.2d 334 (La. App. 2 Cir. 1983).
Louisiana law affords a unique remedy to the uncompensated seller. Until the buyer has paid the purchase price of the property, he holds a defeasible title only, which can be successfully attacked and divested from him by a judicially-declared dissolution of the sale, and to the prejudice of rights acquired through the purchase by third parties. United States v. Maniscalco , 523 F.Supp. 1338 (E.D. La. 1981).
The seller's right to dissolve the sale for the buyer's failure to pay the purchase price under La. C. C. art. 2561 is an entirely separate and independent remedy from the right of the seller to sue for any amount due on the purchase price. Toler v. Toler , 337 So.2d 666 (La. App. 3 Cir. 1976) ; Morgan v. Pardue , 2016-667 (La. App. 3 Cir. 12/7/16), 206 So.3d 280, writ denied , 2017-0332 (La. 4/7/17), 218 So.3d 114.
The effect of a successful dissolution action brought under La. C.C. art. 2561 is annulment of the initial sale and return of the property free and clear of all encumbrances not placed thereon by the seller. Sliman v. McBee , supra ; United States v. Maniscalco , supra . The effect of the dissolution is to place all the parties in the same position they occupied prior to the sale. See Sliman v. McBee , supra ; Robertson v. Buoni , 504 So.2d 860 (La. 1987) ; Hollanger v. Hollanger Rice Farms, Inc. , 445 So.2d 117 (La. App. 2 Cir. 1984), writ denied , 449 So.2d 1028 (La. 1984).
When the seller dissolves the sale for nonpayment of the price, he must return to the buyer all money received from him, with interest. In addition, the seller must pay for the improvements made upon the property by the buyer. Dian Tooley-Knoblett and David Gruning, Sales , § 15:22 in 24 Louisiana Civil Law Treatise (2012). See also Cappel v. Hundley , 168 La. 15, 121 So. 176 (1929).
The principal amount due on Hill's mortgage when the 2010 deed was executed *1211 was $ 68,749.53. The 2013 deed indicates that the balance had been reduced to $ 60,538.34, which reflects that payments had been made. The record shows that Collins made a $ 5,000 cash payment on the property in 2010, and more than $ 35,000 in additional payments. Together with the $ 5,000 payment, it appears that Collins spent more than $ 40,000 toward the purchase of the property. She also claimed that she made improvements to the property worth $ 25,000. If facts are established which would allow the sale to be dissolved under La. C.C. art. 2561, Collins might be entitled to recovery of some or all of the amounts she made for the purchase of the property and for improvements, with interest.
Under the jurisprudence, it is clear that the defendant, whether the original vendee or a subsequent vendee, in an action for dissolution of the sale, is accountable to the vendor for the fair rental value of the property during defendant's possession. Groner Apartments v. Controlled Bldg. Sys. , 432 So.2d 1142 (La. App. 3 Cir. 1983), writ denied , 438 So.2d 1106 (La.1983).
Hill might be entitled to the fair rental value of the property while Collins possessed it. Resolution of all these complex accounting issues would require rulings on genuine issues of material fact. The ruling by the trial court completely bypassed the procedures required by the law.
Extension of Time to Pay
If Collins is behind in her payments, and if proper facts are established, the trial court also has discretion to allow Collins more time to make the payments. La. C.C. art. 2562 states:
When an action is brought for the dissolution of the sale of an immovable and there is no danger that the seller may lose the price and the thing, the court, according to the circumstances, may grant the buyer an extension of time, not in excess of sixty days, to make payment, and shall pronounce the sale dissolved if the buyer fails to pay within that time. When there is such a danger, the court may not grant the buyer an extension of time for payment.
As observed in Bailey v. Wadley , 185 So. 466 (La. App. 2 Cir. 1938), the immediate dissolution of a sale for nonpayment of the price is only awarded when there is danger that the seller may lose the price and the thing also. In the absence of such danger, the law tempers the rigidity of the rule and allows the court the right to grant the purchaser additional time in which to meet his obligation. Under La. C.C. art. 2562, if dissolution of a sale is warranted, and if there is no danger that the seller will lose the thing and the price, the trial court has discretion to allow the buyer up to 60 days to make the payment. In this case, the determination of whether to allow Collins up to 60 days to pay would involve a factual determination, which cannot be decided on a motion for summary judgment.
The record demonstrates Hill failed to carry his burden of establishing entitlement to dissolution of the sale and summary judgment. The trial court clearly erred in granting summary judgment in Hill's favor; awarding him all the money deposited into the registry of the court, together with all the funds that were remitted directly to Hill; and ordering that Collins was not entitled to possession of the property. We reverse the trial court judgment and remand to the trial court for further proceedings.
CONCLUSION
For the reasons stated above, we reverse and vacate the trial court ruling granting summary judgment in favor of *1212 the defendant, Charles D. Hill. The matter is remanded to the trial court for further proceedings. Costs in this court are assessed to the defendant, Charles D. Hill.
REVERSED; REMANDED FOR FURTHER PROCEEDINGS.

We note that the summary judgment in this matter was rendered in favor of Charles D. Hill only. The business entities listed in the original petition were not mentioned.

In connection with his motion for summary judgment filed in March 2017, Hill listed material facts he contended were not in dispute. Interestingly, he stated that the check for $ 7,640 was not deposited into the registry of the court, as ordered by the court, but was given directly to Hill by the attorney representing him at the time. Hill retained possession of the money.

The 2010 deed provided that the mortgage payments were to be paid by Collins to the transferor, which was Hill. Presumably, Hill was responsible for paying the mortgage company.

The sale was actually executed on October 18, 2010. The record fails to show that any agreement between the parties was executed on April 10, 2010.