MOORE, J.
|,The plaintiffs, Charles and Peggy Waters, appeal a judgment that ordered partition by licitation of a 160-acre tract in Webster Parish and awarded three of the defendants, Mary Jean Perry, Kenneth Little and Margaret Louis Haskin, undivided interests of 0.021633185, 0.021633185 and 0.010816592, respectively. The Wa-terses contend that the defendants’ true shares are only one-half of the amounts awarded. Finding merit in this contention, we affirm the order of licitation but amend the judgment to reflect the defendants’ proper shares.

Factual and Procedural Background

The Waterses filed this suit in April 2011, alleging that they owned (or controlled) slightly over 0.98 undivided interest in the tract.[1] They named only three defendants and alleged they owned the following shares: Mary Perry and Kenneth Little, 0.007275 each; Margaret Has-kin, 0.003625. They requested partition in kind.
By an amended petition in April 2012, they joined 18 additional defendants and restated the plaintiffs’ share as 0.75 “or more.”[2] Owing to the large number of *1209 potential claimants, they demanded partition by licitation. They also sought and received an order appointing a curator to represent all absentee defendants, as well as an order appointing a special master, William Ledbetter, to determine the proper ownership as shown by |athe public records.
By a second amended petition, in June 2013, they added eight unopened successions as defendants and restated their own share as 0.9489208 undivided interest in the tract. In support, they attached a document labeled “Chain of Title.” The Chain of Title, unsigned, begins' in 1880, ends April 25, 2013, and concludes that Perry and Smith each own 0.010204 and Haskin owns 0.005102 undivided interest in the tract.
Up to this point, the defendants had filed only general denials.
In February 2014, the parties appeared for trial and stipulated that licitation was the proper remedy. The Waterses submitted the matter to the district court on the Chain of Title and the curator’s reports; the defendants offered no objection. The court asked for briefs within 30 days.
In response, counsel for the defendants filed a post-trial brief arguing that their respective shares were 0.02163385, 0.02163385 and 0.010816292, precisely twice the amounts proposed by the Wa-terses. In support, they attached an abstract prepared by someone named Chris Coburn, beginning in January 1900 and ending January 5, 2012. The Coburn abstract concluded that the plaintiffs owned roughly 0.75 undivided interest, other heirs roughly 0.20, and the defendants the amounts stated in the preceding sentence, or twice the amounts shown by the Wa-terses.
The Waterses responded by post-trial brief that the Coburn abstract was simply wrong after 1979. They specifically cited a 1986 petition for possession in the succession of Willie D. Little, the defendants’ grandfather, distributing his share of the tract, in which Perry and Little alleged their [¡¡interests were 0.010204 each and Haskin, 0.005102. The Waterses argued that nothing in- the Coburn abstract showed that the defendants acquired any more interest after that. They argued that the defendants were entitled to only these lesser undivided amounts.
The defendants responded that two of Willie D. Little’s children predeceased him, and their share passed by intestacy to W.C. Little (Perry and Little’s father) and to Raymond Little (Haskin’s father), and this intestate share was not transmitted by the 1986 judgment of possession.
In August 2014, the district court filed a judgment ordering partition by licitation and allocated interest exactly as proposed by the defendants: 0.865076265 to the Wa-terses; 0.021633185 each to Perry and Little; 0.010815492 to Haskin; and the remainder to other heirs who have neither participated in the litigation nor appealed. The judgment contained no further explanation and attached no written reasons.
The Waterses secured new counsel and took this devolutive appeal. Shortly afterward, counsel for the defendants filed a motion to withdraw.[3] No one has enrolled as counsel for them, and despite sending standard briefing orders this court has received no brief from the defendants.

*1210
Discussion

The Waterses have designated three assignments of error:
(1) The court committed manifest error in failing to properly apply the stipulation of the parties.
(2) The court committed manifest error in failing to recognize the inconsistencies of the defendants’ evidence, thus rendering that ^evidence unreliable.
(3) The court committed manifest error in its determination of the ownership percentages.
They concede that their position is a claim of manifest error and regulated by the “plainly wrong” standard. Stobart v. State, 617 So.2d 880 (La.1993); Hornsby v. Bayou Jack Logging, 2004-1297 (La.5/6/05), 902 So.2d 361. They show that according to the Chain of Title, as of March 1969, the defendants’ grandfather, Willie D. Little, owned a fractional interest in the tract. Willie D. Little had seven children, including W.C. (father of Perry and Little), Raymond (father of Haskin), Mattie and four others. By a sale in March 1969, he sold 31/144 interest to Mattie, and in December 1969, he sold the balance to a third party, after which he had no further interest in the tract. However, in Willie D. Little’s succession, in January 1986, Perry and Little each demanded 2/196 interest, and Haskin demanded 2/392, and the judgment of possession awarded them these amounts. The defendants never acquired any further interest in the tract, and the Waterses urge that these are the amounts — 0.010204 (2/196) to Perry and Little, 0.005102 (2/392) to Haskin — to which they are now entitled.
At the outset, we note that we have not been able to find the “letter of stipulation” referred to in the Waterses’ brief. Without this evidentiary support, the first assignment lacks merit.
By contrast, we find merit in the remaining assignments. The only evidence on which the defendants relied, the Co-burn abstract, is riddled with ungrounded assertions and faulty reasoning, and does not support the | .^conclusion it purports to draw. There is nothing to support its assertion that Willie D. Little’s father, Ben, owned only a 0.959 interest in the property, or to support its “correction” of the interests plainly recited in a 1939 resale of the tract to Ben’s children. These irregularities undermine our confidence in the Coburn abstract.
One point of agreement between the Coburn abstract and the Chain of Title is that in the 1986 petition for possession, Perry and Little alleged that their interest in their grandfather’s estate was 0.010204 each, and Haskin alleged that hers was 0.005102. As a declaration made by a party in a judicial proceeding, this is a judicial confession and constitutes full proof against the party who made it. La. C.C. art. 1853; Cichirillo v. Avondale Indus. Inc., 2004-2894 (La.11/29/05), 917 So.2d 424; Cash Point Plantation Equestrian Ctr. Inc. v. Shelton, 40,647 (La.App. 2 Cir. 1/25/06), 920 So.2d 974. Moreover, the judgment of possession awarded the defendants these amounts. In order to receive a greater share, the defendants would have to show that after their judicial confession, they acquired an additional share.
The Coburn abstract attempts to show that the defendants acquired the additional share when their uncle, Willie Little Jr., sold an undivided 1/80 interest share to his sister, Gussie, in 1986, but he owned more than 1/80 interest; because Willie Little Jr. died without issue, the excess passed by intestacy to his brothers and sisters, or to their surviving children; and this excess *1211 is where the defendants doubled their share. However, the Coburn abstract also states that Willie Little Jr. died “on or about 1981,” or \Rfive years before the alleged sale by him to Gussie in 1986. A sale by a dead man is an obvious impossibility and cannot support the claim for an additional share over that awarded in the judgment of possession. The judgment, apparently based on the “reasoning” of the Coburn abstract, is plainly wrong. The record supports the shares judicially confessed in the 1986 judgment of possession and shown in the Chain of Title filed by the Waterses. The judgment will be amended to reflect these shares.

Conclusion

For the reasons expressed, the judgment is affirmed insofar as it ordered partition by licitation. The judgment is amended, however, to reflect the parties’ proper shares as follows:
Charles and Peggy Waters 96.9945
Mary Jean Perry 0.010204
Kenneth Little 0.010204
Margaret Louise Haskin 0.005102
As amended, the judgment is affirmed. All costs are to be paid by the defendants, Mary Jean Perry, Kenneth Little and Margaret Louise Haskin.
AMENDED AND AFFIRMED.

. Two additional plaintiffs, Donald and Kay Waters, were listed in the judgment as co-owners of Charles and Peggy Waters’s share, but Donald and Kay have not appealed. For ease of reference, this opinion will refer to Charles and Peggy as "the Waterses,” although their interest may overlap with Donald and Kay’s.

. Only the three original defendants, Perry, Little and Haskin, actually participated in the litigation. For ease of reference, this opinion *1209 will use "the defendants” to refer to these three defendants.

. A separate letter cited an unpaid invoice of $1,757 and "unbilled legal fees” of over $22,000.