## ALAMO AMUSEMENT CO. v. HARCOL MOTION PICTURE INDUSTRIES, Inc.

### No. 14197.

Court of Appeal of Louisiana. Orleans.

April 10, 1933.

Henry W. Robinson, of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on eight promissory notes, each for the sum of $50, or a total of $400. The defense is that the notes were signed in error by defendant and obtained by plaintiff in fraud and by duress. There was judgment below as prayed for, and defendant has appealed.

The record shows that the defendant was general agent of the General Talking Pictures Corporation, and in that capacity sold plaintiff a talking picture machine for $6,500. As a part of the consideration of the sale, defendant, the vendor, agreed to pay plaintiff, the vendee, $500, provided plaintiff would agree to pay the whole amount, that is to say, $6,500. Why the transaction was handled in this way is not apparent, perhaps because of some agreement to maintain the price of the machine, but it is immaterial. The fact is that the sale was so executed. When plaintiff undertook to collect the $500, defendant demurred, stating that the machine had not been properly used by the plaintiff and making several other complaints, but, following a discussion, and, upon agreement to accept payment in installments and to extend the time, ten notes of $50 each were executed and given plaintiff. Two of these notes were paid, and the remainder now forms the basis of this suit.

No evidence of fraud or error is in the record. The alleged duress consisted in a demand for payment of the claim at a time when defendant was financially embarrassed. Our attention has been directed to no authority, and we know of none, which would support the proposition that a threat to institute suit for the purpose of collecting a claim amounts to duress. It is perfectly true, as defendant suggests, that the insistence upon payment of a claim, coupled with a threat of litigation, is often embarrassing and frequently disastrous, but it is expected that obligations are to be met and courts are established for the enforcement of just obligations.

There is a reconventional demand based upon the alleged violation of the plaintiff of the agreement of sale, in that a resale was attempted without the permission of the manufacturer, the General Talking Pictures Corporation. This conduct on the plaintiff's part is alleged to have resulted in the loss of the agency for the General Talking Pictures Corporation, with consequent loss of profits on that account. We are not impressed with the substantial character of this demand, but, if it had any force, the facts on which it is based were known to the defendant at the time the ten notes were executed. In fact, all of the matters of which the defendant complains were known at that time, and it is our view that the differences were settled and the claim merged in the agreement reached at that time, which we view as a compromise settlement. See W. G. Coyle & Co. v. McCoy, 6 Orleans App. 84.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.