PITMAN, J.
Defendant Jarrell O. Burch appeals the judgment of the trial court which partitioned the community property he held with his former wife, Delores Altheon Burch ("Altheon"). For the following reasons, we affirm and remand for modification of the judgment to include legal descriptions of the immovable property affected by the judgment and to comport with La. C.C.P. arts. 1919 and 2089.
FACTS
Altheon filed a petition for divorce from her husband, Jarrell. A judgment was rendered terminating their community property regime effective February 13, 2009. On December 5, 2009, the trial court appointed a special master, Susan Whitelaw, C.P.A., to assist it with the partition of the property. In the following seven years, Ms. Whitelaw submitted four detailed descriptive lists ("DDL"), which purported to reflect the parties' community and separate property holdings and their values. The last list, the Fourth DDL, was completed in the fall of 2016.
On July 14, 2016, a trial was held at which the Third DDL was admitted into evidence and Ms. Whitelaw was present to testify and identify each item in the list as to its classification and valuation. It was at that time that the attorneys for the parties were to express any objection they had to classification or valuation of any item of property listed. At that hearing, Jarrell's attorney, Mr. Denny, voiced his objections, stating:
And then I'm skipping over the separate property issue other than we do have an issue on sixty-four (A) which is the Mark Ward cash deed. It's listed here as separate.
* * *
And I understand that Ms. Whitelaw has an explanation for that but at this point we object to it.
Mr. Miciotto: But let's make sure-
The Court: To the value?
Mr. Denny: No, not the value, I'm sorry. The-I'm sorry, I'm sorry. Never mind, we do not. I'm sorry. Never mind.
The Court: The value is not-
Mr. Denny: The value is not an issue.
The Court: Okay. But the classification?
Mr. Miciotto: No.
Mr. Denny: No.
Mr. Miciotto: He's withdrawing that objection.
Mr. Denny: Yes.
The Court: Okay.
Mr. Denny: Are fine.
Mr. Miciotto: -are all fine.
On November 30, 2016, the trial court entered a judgment of partition which essentially adopted the Fourth DDL as the judgment of the court, subject to three modifications. Those modifications were:
1. Item number 13, Rent house-2328 Hunter Rd, Mansfield, LA, valued at forty thousand dollars ($40,000), shall be allocated to Delores A. Burch;
*1140 2. Item number 14, Lot 5 and W ½ Lot 6, Posey rent house, valued at thirty thousand dollars ($30,000), shall be allocated to Delores A. Burch; and
3. Jarrell O. Burch shall make an equalizing payment of seven thousand, seven hundred fifty seven dollars and forty six cents ($7,757.46) to Delores A. Burch.
Jarrell filed a motion for new trial and requested a "clarification" of the judgment, arguing that it did not address the parties' mineral rights. He noted that the parties have been splitting the mineral rights on their former community property on a 50/50 basis and stated that the special master never did a valuation of the mineral rights. He requested that the judgment be amended to include that valuation.
Jarrell's motion also requested the trial court to reconsider its judgment and amend it to exchange the "Earnest Price" house in Logansport for rental property located on Highway 84 in Mansfield. He did not raise the "Mark Ward" property as an issue.
The trial court partially granted the motion for new trial, specifically holding that it was not partitioning any community property mineral rights and that any future community property mineral rights were to be split 50/50. The trial court's judgment did not change with respect to the "Earnest Price" house, which had been previously allotted to Altheon.
Jarrell now appeals.
DISCUSSION
Jarrell argues that the trial court erred by adopting and incorporating by reference the Fourth DDL since it is vague, ambiguous and improperly relies on extrinsic materials and, further, that it erred in adopting the special master's finding that the "Mark Ward" property was Altheon's separate property. He contends that the Fourth DDL was not set up in a proper format to be used as the basis of a partition judgment. The format of the DDL is divided into categories of community assets, community liabilities, separate property and reimbursement claims. Each item of property is given a separate number, and each item has the proposed value of the property beside it. The values are placed in a column indicating whether each item should be deemed Jarrell's or Altheon's property, and he asserts that a few of the values are missing.
Jarrell further contends that the Fourth DDL is vague since there are no itemized legal descriptions of the property even though immovable property constitutes the bulk of the community property. This DDL contains notations by the items such as "legal description in documentation," but he asserts that no such documentation exists anywhere in the record. He also points out that in reference to some immovable property, the Fourth DDL contains an address; however, other property references only state general locations such as, "80 acres in DeSoto Parish" with "legal description in documentation." He argues that the 80 acres could be anywhere in DeSoto Parish and that no member of the public reviewing such a judgment could determine which property was being described. Other examples of inadequate descriptions include "the lot behind Greenleaf Insurance Agency" and "10 acres airport property Mansfield, Louisiana." The airport has several 10-acre tracts. He contends that some of the immovable properties described in the separate property section of the DDL have the same flaw.
Jarrell also argues that the Fourth DDL is defective as a judgment in regard to a claim that he would have against Altheon for reimbursement of New York Life withdrawals since the amount due to him has been left blank. For these reasons, Jarrell *1141 contends that the Fourth DDL is too vague to have formed the basis of the trial court's judgment and the reference to "legal description in documentation" would be reference to an extrinsic document not found in the record.
Jarrell further claims that the most problematic entry on the Fourth DDL is number 64(A), the "Mark Ward" property. He points out that the property is listed as item 8 under "Community Property" and as item 64(A) under "Separate Property" with the item being designated as Altheon's separate property. He asserts that the funds Altheon used to purchase the "Mark Ward" property came from a lease bonus of $2,467,004.75 received by the couple in 2008, the year before the partition decree was rendered. The parties equally split the post-tax balance. Altheon purchased the 23.622-acre property with part of her share of those bonus proceeds.
Jarrell argues that this particular property was bought by Altheon using the community property bonus that was paid to her, even though the parties had agreed to equally split the bonus/royalties. He contends that the division of the bonus/royalties did not form a part of the partition and, thus, did not convert the funds to separate property even though the parties had verbally agreed to split them. He argues that the special master's report never resolves the issue of whether the "Mark Ward" property was community property; thus, he claims it was error for her to classify it as Altheon's separate property. He asserts that the lease bonus is listed as community property in the Fourth DDL; and, therefore, the purchase made with community property funds is community property.
Jarrell asserts that the standard of review for the fairness of a partition is whether the trial court abused its discretion; however, the issues of whether it was appropriate for the trial court to adopt the Fourth DDL or to designate the "Mark Ward" property as separate property are both errors of law which are reviewed de novo. He points out that a judgment must be precise, definite and certain and cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling. He argues that the Fourth DDL is an extrinsic document and that the documentation to which it refers for legal descriptions of the property is nowhere to be found in the record and, thus, are also extrinsic documents.
Altheon argues that the trial court did not err in relying upon the Fourth DDL because a hearing was held in July 2016 at which the special master was called to testify. At that time, the Third DDL and the In-Globo Exhibit Book were introduced into evidence. Both have been attached to the record on appeal. She claims that each and every numbered item on the DDL has a corresponding number in the exhibit book which contains further details regarding the property, including the legal description. She also claims that the DDL contains all the information necessary for the trial court to reach a decision on allocation of the assets as community or separate property.
Altheon also argues that the trial court made clear that it was going to use the Fourth DDL as a guide to help make determinations for value and ownership, but that it would not be simply adopting it. In fact, the judgment is modified with regard to three items in the DDL. She claims that most of the values and division of the assets into separate or community property were stipulated to when the trial court went through each item listed on the DDL and corresponding exhibit and asked the parties if there was an objection to valuation or assignment of status of the properties.
*1142 Altheon further argues that when the trial court reached the "Mark Ward" cash deed, it asked the parties if there were any objections. Although Jarrell's attorney first stated he had an objection to the property being listed as her separate property, he withdrew his objection and stipulated to the valuation and classification.
Altheon asserts that the judgment is not vague or ambiguous since each piece of property mentioned in the DDL is legally described in the In-Globo Exhibit Book, which is part of the record. It was only because the partition was so large that the trial court framed the judgment the way it did to limit confusion and errors which could be made transferring numerous legal descriptions from one document to another.
As to the "Mark Ward" property's classification, Altheon claims this court should not consider the argument because Jarrell's attorney stipulated to it being her separate property at trial and he cannot raise the issue for the first time on appeal. She argues that by conceding at trial that this property was her separate property, Jarrell made a judicial confession in a judicial proceeding and this confession constitutes "full proof against the party who made it." She contends that a declaration made by a party's attorney has the same effect as one made by the party himself. She asserts that Jarrell failed to preserve the issue for review, failed to make a valid objection at trial and, in fact, stipulated to the property being classified as her separate property.
Ambiguity in the form of the judgment
A final judgment must be precise, definite and certain. Barnes v. Riverwood Apartments P'ship , 42,912 (La. App. 2 Cir. 2/6/08), 975 So.2d 720. La. C.C.P. arts. 1919 and 2089 both state that all final judgments which affect title to immovable property shall describe the immovable property affected with particularity.
La. C.C.P. art. 2089 serves to assure that the general public, title examiners, successful litigants, officials charged with executions of judgments and surveyors in particular can accurately deal with the immovable property. Gandy v. Deese , 29,032 (La. App. 2 Cir. 1/22/97), 688 So.2d 620, writ denied , 97-0713 (La. 4/25/97), 692 So.2d 1095.
The judgment in the case at bar does not comply with La. C.C.P. arts. 1919 or 2089. The parties own a substantial amount of immovable property which was divided by the judgment at issue in this case into community and separate property. The location of the property cannot be determined by the judgment rendered in the trial court, although the evidence necessary for the identification of the property is present in the record.
The Third DDL and the In-Globo Exhibit Book were introduced into evidence at a hearing at which the special master testified. Each and every numbered item on the DDL had a corresponding number in the exhibit book, which contained further details regarding the property, including its legal description. The judgment of the trial court can easily be amended and modified to include the legal descriptions of the immovable property adjudicated by the trial court as community or separate property.
For these reasons, this assignment of error has merit and the matter is remanded to the trial court for modification of the judgment to include the legal descriptions of all of the immovable property affected by the judgment.
Designation of the "Mark Ward" property as Altheon's separate property
The issue raised concerning the designation of the "Mark Ward" property as Altheon's separate property is pretermitted.
*1143 At the hearing on July 14, 2016, Jarrell's attorney stipulated that he and his client had no objection to the classification of the property listed as Number 64(A) as Altheon's separate property or to its valuation. For those reasons, the "Mark Ward" property was adjudicated as Altheon's separate property. Jarrell has raised the issue of the "Mark Ward" property for the first time on appeal.
In Anderson v. Houston , 44,766 (La. App. 2 Cir. 9/23/09), 22 So.3d 1029, this court stated:
A judicial confession is a declaration made by a party in a judicial proceeding. It constitutes full proof against the party who made it, is indivisible, and may be revoked only on the ground of error of law. La. C.C. art. 1853 ; Cichirillo v. Avondale Indus. Inc. , 04-2894 (La. 11/29/05), 917 So.2d 424 ; Cash Point Plantation Equestrian Center Inc. v. Shelton , 40,647 (La.App. 2 Cir. 1/25/06), 920 So.2d 974. A declaration made by a party's attorney or mandatary has the same effect as one made by the party himself. La. C.C. art. 1853, Revision Comment (b); C.T. Traina Inc. v. Sunshine Plaza Inc. , 03-1003 (La. 12/3/03), 861 So.2d 156. The attorney's response to questioning by the court may also constitute a judicial confession. Cichirillo v. Avondale Indus. Inc. , supra .
This court will not consider an issue raised for the first time on appeal. Segura v. Frank , 93-1271, 93-1401 (La. 1/14/94), 630 So.2d 714 ; Cooper v. Southern Hunting Prod., Ltd. , 39,166 (La.App 2 Cir. 12/22/04), 891 So.2d 91.
At the trial of this issue, Jarrell's attorney withdrew the objection he originally raised regarding the "Mark Ward" property and thereby stipulated to the classification of the property as Altheon's separate property. Because the challenge to the classification of that property as her separate property was raised for the first time on appeal, the merits of the issue will not be considered. The issue is deemed to have been waived.
This assignment of error lacks merit.
CONCLUSION
The judgment of the trial court, in its present form, does not comply with the requirements of La. C.C.P. arts. 1919 and 2089, which require all final judgments affecting title to immovable property to describe the immovable property affected with particularity. For that reason, the matter is remanded to include the legal descriptions of the immovable property and to conform with the requirements of La. C.C.P. arts. 1919 and 2089. In all other respects, the judgment of the trial court is affirmed. Costs of appeal are assessed equally to the parties Jarrell O. Burch and Delores Altheon Burch.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.