Judgment rendered March 4, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,308-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JOHN M. BYRD, EUGENE                          Plaintiffs-Appellants
MOORE, CHRIS NAVARRO AND
JOSEPH MICHAEL WILLIAMS

versus

STATE OF LOUISIANA,                           Defendant-Appellee
THROUGH THE DEPARTMENT
OF TRANSPORTATION AND
DEVELOPMENT

* * * * *

Appealed from the
Thirty-Seventh Judicial District Court for the
Parish of Caldwell, Louisiana
Trial Court No. 24,606

Honorable Don C. Burns, Judge

* * * * *

MIXON, CARROLL & FRAZIER, PLLC          Counsel for Plaintiff/
By:  James L. Carroll                   Appellant/Defendant-In-
                                        Reconvention, Eugene
                                        Moore


JEFFREY M. LANDRY                       Counsel for Appellee,
Attorney General                        State of Louisiana, DOTD


DARRELL J. SALTAMACHIA
ANDREW C. SALTAMACHIA
Special Assistant Attorney Generals

* * * * *

Before STONE, COX, and STEPHENS, JJ.

**STONE, J.**

This litigation stems from a personal injury lawsuit wherein the appellant, Mr. Eugene Moore, obtained a judgment against the State of Louisiana, through the Department of Transportation and Development (hereinafter the "DOTD"). In this appeal, Mr. Moore seeks reversal of the trial court's grant of a motion for summary judgment ("MSJ") in favor of the DOTD, the appellee, regarding the interpretation of the prior personal injury judgment (sometimes hereinafter the "prior judgment"). For the reasons stated herein, we affirm regarding Mr. Moore's appeal.

The DOTD answered Mr. Moore's appeal. Therein, the DOTD assigns three errors: (1) the judgment granting its MSJ (the "instant judgment") should be revised to explicitly reflect that the trial court awarded the DOTD return of the interest it paid to Mr. Moore on his award for future lost wages; (2) the instant judgment should be revised to explicitly reflect that the prior judgment is satisfied in full, and to order the clerk of court of the 37th JDC to cancel the prior judgement; and (3) the trial court abused its discretion in taxing all costs to the DOTD. We decline to address the issues raised in the DOTD's answer to appeal, except in regard to the taxing of costs in the trial court. We vacate and reallocate the trial court's taxing of costs.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of a car accident on September 17, 2004, wherein John Byrd was driving a pickup truck and was unable to negotiate a sharp left

curve and violently crashed, striking several trees.[1] Jamie Starr, Chris Navarro, Joseph Williams, and Mr. Moore (collectively, the "plaintiffs") were passengers in the pickup truck at the time of the crash. Jamie Starr died at the scene of the accident, and the other passengers were seriously injured. Mr. Moore suffered a catastrophic brain injury and is the sole plaintiff remaining in this matter.

The plaintiffs filed suit against the DOTD in the 37th JDC, and obtained a judgment which, in relevant part, states:

> Judgment is rendered in favor of Hilton Eugene Moore and against the [DOTD] for future medical expenses in the amount of [$1,392,000], ***which are to be paid pursuant to <u>La. R.S. 13:5106B(3)(c)</u>[2] <u>and La. R.S. 39:1533.2,</u> together with legal interest*** at the rate of six percent (6%) from date of judicial demand until date of judgment and judicial interest applied thereafter until paid in full.** (Emphasis added).

The personal injury case was appealed to this court.[3] With one exception, not relevant here, we affirmed the 37th JDC's judgment in favor of Mr. Moore and the other plaintiffs. However, the issue of interest on future medical expenses was not raised by the parties, nor was it otherwise addressed by this court.

---

[1] The facts of the case are summarized from this Court's opinion in *Starr v. State ex rel. Dep't of Transp. & Dev.*, 46,226, 46,227 (La. App. 2 Cir. 06/17/11), 70 So. 3d 128, *writs denied*, 11-1835 (La. 10/21/11), 73 So. 3d 386, 11-1952 (La. 10/21/11), 73 So. 3d 387, 11-1625 (La. 10/21/11), 73 So. 3d 388.

[2] In relevant part, La. R.S. 13:5106(B)(3)(c) provides:
> In any suit for personal injury against the state or a state agency wherein the court pursuant to judgment determines that the claimant is entitled to medical care and related benefits that may be incurred subsequent to judgment, all such medical care and related benefits incurred subsequent to judgment shall be paid from the Future Medical Care Fund *as provided in R.S. 39:1533.2.* Medical care and related benefits shall be paid directly to the provider as they are incurred. (Emphasis added).

[3] *Starr, supra.*

In July 2012, the Legislature appropriated the monies to satisfy the February 17, 2010, judgment.[4] Specifically, the Legislature awarded Mr. Moore "[m]onies . . . for future medical expenses [that] shall be payable as incurred from the Future Medical Care Fund pursuant to R.S. 39:1533.2."

On September 7, 2012, Mr. Moore and his coplaintiffs sought a writ of mandamus in the 37th JDC stating that the Legislature has provided money for the judgment but the DOTD "has refused to pay any of the funds that the jury . . . ordered to be paid." The DOTD filed an exception of improper venue, which was ultimately granted, and the action was transferred to the 19th JDC.[5]

In the 19th JDC, the plaintiffs filed a "First Amended Petition for Writ of Mandamus," wherein Mr. Moore claimed $497,935.56 in judicial interest on the future medical expenses award from the Future Medical Care Fund (the "FMCF award"). The DOTD filed a "Reconventional Demand Asserting Petition for Declaratory Relief," requesting that the 19th JDC declare that "no legal interest is due on the future medical care award." The 19th JDC ultimately dismissed Mr. Moore's petition for writ of mandamus and the DOTD's reconventional demand. The DOTD appealed that judgment, but Mr. Moore did not.

On appeal, the Louisiana First Circuit Court of Appeal held that Mr. Moore's FMCF award in the prior judgment is ambiguous in that it purports to award interest *and* incorporate La. R.S. 13:5106(B)(3)(c) and La. R.S. 39:1533.2. *Byrd v. State ex rel. Dep't of Transp. & Dev.*, 15-0597 (La. App. 1

---

[4] Act 13 of the 2012 Legislative Session.
[5] Meanwhile, on May 29, 2013, in the 37th JDC, the DOTD and Mr. Moore filed a "Partial Satisfaction of Judgment," which purportedly resolved all issues except whether Mr. Moore is entitled to interest on his FMCF award

Cir. 06/03/16), 2016 WL 3127191, *writ denied*, 16-1578 (La. 11/18/16), 213 So. 3d 386. The First Circuit further held that a declaratory judgment action is a viable avenue for resolving the ambiguity in the prior judgment, but transferred the action back to the 37th JDC for decision on that issue. *Id.* at 3.

In the 37th JDC, the DOTD filed an MSJ claiming, among other things, that the prior judgment is paid in full and no interest is due to Mr. Moore on his FMCF award. Mr. Moore filed an exception of res judicata arguing that the DOTD is precluded from litigating that issue because the prior judgment is final. The trial court granted the MSJ in favor of the DOTD and denied Mr. Moore's exception. This appeal ensued.

In his appeal, Mr. Moore asserts the following assignments of error: (1) the trial court erred in granting the DOTD's MSJ; (2) the trial court erred in denying his exception of res judicata; (3) the trial court erred in ruling that Mr. Moore is not entitled to interest on future medical expenses as awarded by the jury and never challenged by DOTD; (4) the trial court erred when it found contradictory provisions in the judgment; and (5) the trial court erred in "retroactively" applying the rationale of *Fecke v. Bd. of Supervisors of La. State Univ.*, 15-1806 (La. 09/23/16), 217 So. 3d 237. Additionally, Mr. Moore asserts in his brief to this court that the DOTD has no cause of action for declaratory judgment.

The DOTD filed an answer to Mr. Moore's appeal making the following assignments of error: (1) the trial court erred in not including language in the instant judgment explicitly stating that Mr. Moore is liable to the DOTD for return of the interest that the DOTD paid on Mr. Moore's award in the prior

4

judgment for loss of future earnings; and (2) the trial court abused its discretion in taxing all costs to the DOTD.

**Mr. Moore's exception of no cause of action**

In support of this exception, Mr. Moore argues that, because La. C.C.P. art. 1872 does not specifically authorize declaratory judgment as a means of resolving an ambiguity in a prior judgment, there is no cause of action. As explained below, this argument is meritless.

La. C.C.P. art. 1871, in part, states: "Courts of record within their respective jurisdiction may declare rights, status, and other legal relations whether or not further relief is or could be claimed," and regardless of whether "another adequate remedy" exists. La. C.C.P. arts. 1872-1874 enumerate specific instances in which use of the declaratory judgment action is authorized. As already pointed out by the First Circuit in *Byrd*, *supra*, La. C.C.P. art. 1875 states explicitly that the enumeration in articles 1872 through 1874 is nonexclusive:

> The enumeration in Articles 1872 through 1874 does not limit or restrict the exercise of the general powers conferred in Article 1871 in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty.

Thus, La. C.C.P. art. 1875 contradicts Mr. Moore's argument, and when read *in pari materia* with La. C.C.P. Art. 1871, authorizes use of the declaratory judgment action to resolve an ambiguity in a prior judgment. "Courts… may declare rights, status, and other legal relations," La. C.C.P. 1871, "in *any* proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty," La. C.C.P. 1875. (Emphasis supplied).

5

Furthermore, as also already pointed out by the First Circuit in *Byrd*, *supra*, the declaratory judgment action has already been jurisprudentially recognized as a proper avenue for resolving an ambiguity in a judgment. *Lumbermens Mut. Cas. Co. v. Younger,* 158 So.2d 341 (La. App. 3d Cir.1963). Indeed, the *Younger* court involved a declaratory judgment action seeking determination of whether the judgment debtor (the tortfeasor's insurer) owed interest to the injured plaintiff under the provisions of the judgment.

We hold that the resolution of an ambiguity in a prior judgment may properly be sought through the declaratory judgment action provided in the Code of Civil Procedure. Thus, Mr. Moore's argument to the contrary lacks merit and is rejected.

**All of Mr. Moore's remaining assignments of error**

Louisiana's law of res judicata is set forth in La. R.S.13:4231, which states:

> Except as otherwise provided by law, a **_valid_** and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> …
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. (Emphasis added).

For a judgment to be valid, it must be "precise, definite, and certain." *Burch v. Burch,* 51, 780 (La. App. 2 Cir. 1/10/18), 245 So. 3d 1138; *State in Interest of M.D.*, 2017-1361 (La. App. 1 Cir. 3/29/18). Because an ambiguous judgment does not provide certainty regarding of the rights and liabilities of the parties, it

is not valid – and does not provide the basis for an exception of res judicata. *Id.*; *Davis v. Farm Fresh Food Supplier,* 2002-1401 (La. App. 1 Cir. 3/28/03), 844 So. 2d 352; *Parkerson v. R-5, Inc.*, 305 So. 2d 592 (La. App. 4 Cir. 1974), writ denied 309 So.2d 679 (La. 1975).

Thus, to dispose of Mr. Moore's exception of res judicata, we must determine whether Mr. Moore's FMCF award in the prior judgment is contradictory or ambiguous. The prior judgment's statement that the FMCF award is made pursuant to La. R.S. 13:5106(B)(3)(c) contradicts the provision for interest on that award. As a matter of law (and basic mathematical logic) interest cannot accrue in respect to an award made pursuant to La. R.S. 13:5106(B)(3)(c). *Fecke, supra.*  Thereunder, the plaintiff does not obtain a money judgment, as in general tort; instead, his or her post-judgment medical expenses are paid from the FMCF to the plaintiff's healthcare providers, and payment is made only if and when medical expenses are actually incurred. No plaintiff has any vested right to any portion of the trust funds. Likewise, the FMCF has no obligation to pay until medical expenses are actually incurred: interest cannot accrue on a debt when that debt is not yet owed. For both these reasons, there is no principal on which interest can accrue. *Id.*

The contradiction in the judgment creates a substantial ambiguity regarding the rights and obligations of Mr. Moore and the State. It requires a determination of which provision shall be given effect, the incorporation of La. R.S. 13:5106(B)(3)(c) or the provision for interest; the two are mutually

exclusive. Accordingly, the trial judge was correct in denying Mr. Moore's exception of res judicata.[6]

Furthermore, the trial court was correct in holding, pursuant to *Fecke, supra,* that the prior judgment does not award interest on the FMCF award. Mr. Moore's argument that the trial court erred in "retroactively" applying *Fecke, supra*, is devoid of merit. As stated by the Louisiana Supreme Court in *Bush v. Nat'l Health Care of Leesville*, 2005-2477 (La. 10/17/06), 939 So. 2d 1216, 1219:

> [A]s a general rule, a court decision "operates both prospectively and retrospectively, except that it will not be permitted to disturb vested rights." The court restated that principle in *Succession of Clivens,* 426 So. 2d 585, 594 (La.1982), in which it held **"[g]enerally, unless a decision specifies otherwise, it is given both retrospective and prospective effect."** (Emphasis in original).

As previously stated, the ambiguity regarding interest on Mr. Moore's FMCF award in the prior judgment precludes it from being a valid final judgment *on that point*. Therefore, Mr. Moore cannot have a vested right to interest on the FMCF award. The Louisiana Supreme Court did not limit *Fecke, supra,* to having only prospective effect. The trial court was right to apply *Fecke, supra,* even if it is assumed that doing so constituted a retroactive application. For this reason alone, Mr. Moore's argument is meritless.

Furthermore, *Fecke, supra* does not make new law; it merely declares the original meaning of legislation which preexisted Mr. Moore's cause of

---

[6] Mr. Moore points out that a panel of this court referred to the subject judgment as "final and definitive" in its 2012 writ disposition granting the DOTD's exception of improper venue raised in response to the plaintiffs' filing a mandamus action in the 37th JDC. That statement was incorrect regarding whether Mr. Moore's FMCF award accrues interest. The issue involved herein was not before the court at that juncture, and therefore has no binding effect on this decision.

action. In light of the statutory framework surrounding the FMCF, this court would likewise hold that the FMCF awards do not and cannot accrue interest, even without the guidance of *Fecke, supra.*

The prior judgment does not grant Mr. Moore interest on his FMCF award. The State of Louisiana does not owe Mr. Moore interest—from any source – in connection with his FMCF award.

**The DOTD's request for decretal language**

The DOTD argues that the trial court erred by not including in the instant judgment decretal language: (1) stating Mr. Moore's liability to the DOTD for return of interest paid on Mr. Moore's award for loss of future earnings; and (2) decreeing that the prior judgment is satisfied in full, and ordering the clerk of court of the 37th JDC to cancel the prior judgment. The DOTD correctly points out that its MSJ, which the trial court granted "as prayed for," included prayers for both of these items of relief. However, because the instant judgment does not contain decretal language specifying that the DOTD is entitled to these items of relief, it does not validly grant the DOTD these items of relief. *Bd. of Sup'rs of La. State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.*, 2014-0506 (La. App. 4 Cir. 10/15/14), 151 So. 3d 908, 910 ("The specific relief granted [must] be determinable from the [face of] the judgment without reference to an extrinsic source such as pleadings or reasons for judgment"). Accordingly, these issues are properly addressed to the trial court rather than this court. We accordingly decline to address them.

9

**The trial court's taxing of costs**

The trial court taxed all court costs to the DOTD. The DOTD argues that such constituted an abuse of discretion, given that the DOTD prevailed on summary judgment. We agree. While the DOTD was apparently remiss in not sooner realizing the contradiction in the prior judgment, it ultimately prevailed against the plaintiff in rectifying that contradiction. Moreover, the plaintiff's attorney, in zealously opposing those meritorious efforts by the DOTD, increased the burden of this litigation. The trial court should have taxed court costs equally to each party.

## CONCLUSION

The trial court's instant judgment holding that the prior judgment's award of payment of Mr. Moore's future medical expenses does not and cannot award interest on those future medical expenses is **AFFIRMED**.

The trial court's taxing of all costs to the DOTD is **VACATED**. Those costs are taxed one-half to Mr. Moore and one-half to the DOTD. Costs of this appeal are likewise taxed one-half to each party.